UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANDREW CURRY,

                              Plaintiff,              Civil Action No. 07 CV 7158 (DC)

        -against-

VOLT INFORMATION SCIENCES, INC. and
VOLT TELECOMMUNICATIONS GROUP, INC.,

                              Defendants.
-------------------------------------------------------------X

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants Volt Information Sciences, Inc. ("VIS") and Volt Telecommunications Group, Inc. ("VTG") (collectively, the "Defendants"), by their attorneys, Troutman Sanders LLP, for their answer to the Complaint of plaintiff Andrew Curry ("Plaintiff"), state as follows:

1.      Deny the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiff purports to bring an action under the Sec. 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. 1514A.

2.      Deny the allegations contained in paragraph 2 of the Complaint, except admit that Plaintiff purports to allege that Defendants terminated his employment and otherwise retaliated against him because he purportedly engaged in activity protected under Sec. 806.

3.      Deny the allegations contained in paragraph 4 of the Complaint, except admit that Plaintiff purports to seek certain relief from Defendants.

4.      Deny the allegations contained in paragraph 5 of the Complaint, except admit that Plaintiff purports to bring an action under Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. Section 1514(A).

5.    Deny the allegations contained in paragraph 6 of the Complaint.

6.    Deny the allegations contained in paragraph 7 of the Complaint, except admit that Plaintiff filed a charge against Defendants under Sec. 806 with the United States Department of Labor, Occupational Health and Safety Administration. (Case No. 2 - 4173 - 06 - 058) and respectfully refer the Court to the charge filed by Plaintiff with the Department of Labor, Occupational Safety and Health Administration, for the terms, contents and effect thereof.

7.    The allegations contained in paragraph 8 of the Complaint contain a legal conclusion to which no response is required and to the extent that any response is required, the allegations are denied.

8.    Deny the allegations contained in paragraph 9 of the Complaint, except admit that OSHA made a determination on February 14, 2007 and that in such determination, concluded that there was not reasonable cause to conclude that Defendants had violated Sec. 806, deny knowledge or information as to the date upon which Plaintiff received the OSHA determination and respectfully refer the Court to the OSHA determination, for the terms, contents and effect thereof.

9.    The allegations contained in paragraph 10 of the Complaint contain a legal conclusion to which no response is required and to the extent that any response is required, the allegations are denied and the Court is respectfully referred to the objections for the terms, contents and effect thereof.

10.    In response to paragraph 11 of the Complaint, admit that Plaintiff's counsel wrote the Department of Labor that Plaintiff intended to file a complaint for de novo review in federal court, and requested that DOL terminate its proceedings concerning Plaintiff's charges,

deny the remaining allegations contained in paragraph 11 of the Complaint and respectfully refer the Court to the letter sent by Plaintiff's counsel for the terms, contents and effect thereof.

11.    Deny the allegations of paragraph 12 of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

13.    Deny the allegations of paragraph 14 of the Complaint, except admit that for eight years, Plaintiff was employed by VTG.

14.    Deny the allegations contained in paragraph 15 of the Complaint, except admit that VIS is a publicly traded corporation which has a class of shares registered under Sec.12 of the Securities Exchange Act of 1934, 15 U.S.C. 78l, is required to file reports under Sec. 15(d) of the Securities and Exchange Act of 1934, 15 U.S.C. 78o(d), is incorporated in New York, has its headquarters at 560 Lexington Avenue, New York, New York 10022, and is a Fortune 1000 company.

15.    Deny the allegations contained in paragraph 16 of the Complaint that VTG has numerous international offices and provides services internationally, and admit the remaining allegations of paragraph 16 of the Complaint.

16.    Deny the allegations contained in paragraph 17 of the Complaint, except admit that Plaintiff purports to base venue in this District based upon certain statutory provisions and that defendants are residents of this District.

17.    Deny the allegations of paragraph 18 of the Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

20.    Deny the allegations of paragraph 21 the Complaint, except admit that Plaintiff was hired in March 1998 and aver that Plaintiff's title was Director of Quality Control.

21.    Deny the allegations of paragraph 22 of the Complaint, except aver that Plaintiff worked with the Quality Management Systems Group.

22.    Deny the allegations contained in paragraph 23 of the Complaint and respectfully refer the Court to the ISO website and ISO standards of the International Standards Organization for the terms, contents and effect thereof.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and respectfully refer the Court to the TL 9000 standards for the terms, contents and effect thereof.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and respectfully refer the Court to the TL 9000 standards for the terms, contents and effect thereof.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and respectfully refer the Court to the TL 9000 and ISO 9001 standards and the questforum website for the terms, contents and effect thereof.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and respectfully refer the Court to the ISO 9001 standards, the TL 9000 standards and TL 9000 website for the terms, contents and effect thereof.

-4-

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and respectfully refer the Court to the ISO 9001 standards, the TL 9000 standards and TL 9000 website for the terms, contents and effect thereof.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and respectfully refer the Court to the ISO 9001 standards and the TL 9000 standards for the terms, contents and effect thereof.

29.    Deny the allegations contained in paragraph 30 of the Complaint, except admit that before Plaintiff joined VTG, it had not registered its procedures, and had not been certified after an audit as ISO 9001 compliant.

30.    Deny the allegations contained in paragraph 31 of the Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and respectfully refer the Court to the VTG ISO 9001 standards and the standards of the International Standards Organization for the terms, contents and effect thereof.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and respectfully refer the Court to the VTG ISO 9001 standards.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except aver that in 2005, there were audits in four locations in VTG's Central Office, one in VTG's VCTS unit in Dallas, and VTG's CAPM division in Raleigh/Durham.

34.    Deny the allegations contained in paragraph 35 of the Complaint.

35.    Deny the allegations contained in paragraph 36 of the Complaint.

36.    Deny the allegations contained in paragraph 37 of the Complaint that the alleged activity was protected activity and deny the allegations of conduct engaged in as alleged in paragraph 37 of the Complaint.

37.    Deny the allegations contained in paragraph 38 of the Complaint that the alleged activity was protected activity and deny knowledge or information sufficient to form a belief as to the truth of the allegations of conduct engaged in as alleged in paragraph 38 of the Complaint.

38.    Deny the allegations contained in paragraph 39 of the Complaint that the alleged activity was protected activity and deny knowledge or information sufficient to form a belief as to the truth of the allegations of conduct engaged in as alleged in paragraph 39 of the Complaint, except admit that a copy of the report was forwarded to Assistant General Counsel Lisa Valentino in April, 2005 at her request, and respectfully refer the Court to the report for the terms, contents and effect thereof.

39.    Deny the allegations contained in paragraph 40 of the Complaint, except admit that audit reports of CAPM on April 8, 2005, June 29, 2005 and September 28, 2005 exist and respectfully refer the Court to the reports for the terms, contents and effect thereof.

40.    Deny the allegations contained in paragraph 41 of the Complaint and respectfully refer the Court to VTG's CAPM Operating Procedures, SOX and ISO 9001 and TL 9000 standards.

41.    Deny the allegations contained in paragraph 42 of the Complaint.

42.    Deny the allegations contained in paragraph 43 of the Complaint.

43.    Deny the allegations contained in paragraph 44 of the Complaint, except admit that in July 2005, Mr. R.J. Anderson became VTG's President and Mr. Anderson had been Senior Vice President in VTG's Construction and Engineering Division.

44.    Deny the allegations contained in paragraph 45 of the Complaint, except admit that on August 8, 2005, Plaintiff wrote to VIS' CEO, William Shaw, and respectfully refer the Court to the letter for the terms, context and meaning thereof.

45.    Deny the allegations contained in paragraph 46 of the Complaint, except admit that Plaintiff had meetings with VTG's Vice President of Internal Accounting in the summer of 2005.

46.    Deny the allegations contained in paragraph 47 of the Complaint, except deny knowledge or information as to the truth of the allegations that Plaintiff provided information to and met with the New York State Attorney General's office concerning his group's audit findings,  and provided the Attorney General's office with copies of the audits, and admit that Plaintiff engaged in discussions with VIS.

47.    Deny the allegations contained in paragraph 48 of the Complaint, except deny knowledge or information as to the truth of the allegations regarding Plaintiff's filing of a complaint of payroll tax fraud by Volt with the IRS, Plaintiff's meetings with the IRS, and admit that Plaintiff wrote to Mr. William Shaw, VIS' then President in October 2005 and respectfully refer the Court to that letter for its terms, contents and meaning.

48.    Deny the allegations contained in paragraph 49 of the Complaint, except admit that on July 20, 2005, Plaintiff wrote a memo to VIS' General Counsel, Howard Weinreich, referring to audits and made a request to Mr. Weinreich for whistleblower protection on

-7-

August 9, 2005, and respectfully refer the Court to the writing for its terms, context and meaning.

49.    Deny the allegations contained in paragraph 50 of the Complaint.

50.    Deny the allegations contained in paragraph 51 of the Complaint, except admit that on October 28, 2005, Plaintiff wrote VIS' General Counsel Howard Weinreich (with copies to CEO William Shaw and other executives), and respectfully refer the Court to the letter for its terms, context and meaning.

51.    Deny the allegations contained in paragraph 52 of the Complaint, except admit that Plaintiff made a list of employees that pertained to telecommuting.

52.    Deny the allegations contained in paragraph 53 of the Complaint, except admit that on December 19, 2005, Plaintiff wrote VIS CEO William Shaw and the independent members of the Board and respectfully refer the Court to the letter for its terms, context and meaning.

53.    Deny the allegations contained in paragraph 54 of the Complaint, except admit that in May 2006, Plaintiff wrote VTG President R. J. Anderson, and respectfully refer the Court to the letter for its terms, context and meaning.

54.    Deny the allegations contained in paragraph 55 of the Complaint.

55.    Deny the allegations contained in paragraph 56 of the Complaint.

56.    Deny the allegations contained in paragraph 57 of the Complaint.

57.    Deny the allegations contained in paragraph 58 of the Complaint.

58.    Deny the allegations contained in paragraph 59 of the Complaint.

59.     Deny the allegations contained in paragraph 60 of the Complaint, except admit that on June 23, 2006, Plaintiff's employment was terminated, and aver that Plaintiff's employment was terminated for legitimate, non-discriminatory business reasons.

60.     Deny the allegations contained in paragraph 61 of the Complaint, except admit that on June 23, 2006, Plaintiff's employment was terminated, and aver that Plaintiff's employment was terminated for legitimate, non-discriminatory business reasons.

61.     Deny the allegations contained in paragraph 62 of the Complaint.

62.     Deny the allegations contained in paragraph 63 of the Complaint.

63.     Deny the allegations contained in paragraph 64 of the Complaint.

64.     Deny the allegations contained in paragraph 65 of the Complaint, except admit that for the first three quarters of 2006, VTG had a profit of $539,000, but aver that for the fiscal year 2006, VTG incurred a net loss of $1,069,500.

65.     Deny the allegations contained in paragraph 66 of the Complaint, except that Mr. Anderson sent an e-mail and respectfully refer the Court to the e-mail for its terms, context and meaning.

66.     Deny the allegations contained in paragraph 67 of the Complaint.

67.     Admit the allegations contained in paragraph 68 of the Complaint, and aver that for the fiscal year 2006, VTG incurred a loss.

68.     Deny the allegations contained in paragraph 69 of the Complaint.

69.     In response to paragraph 70 of the Complaint, repeat and restate the responses to paragraphs 1 through 69 as through fully set forth herein.

70.     Deny the allegations contained in paragraph 71 of the Complaint.

71.     Deny the allegations contained in paragraph 72 of the Complaint.

The paragraphs immediately following Paragraph 72 of the Complaint state a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny Plaintiff is entitled to any relief whatsoever.

### JURY DEMAND

Defendants deny that Plaintiff is entitled to a jury trial.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof with respect to the matters asserted, Defendants plead the following defenses:

### FIRST AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

73. Plaintiff's employment was terminated for legitimate, non-discriminatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred, in whole or in part, by his failure to make reasonable efforts to mitigate his alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

### FIFTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

### SIXTH AFFIRMATIVE DEFENSE

77.     Plaintiff's claims are barred, in whole or in part, to the extent that he failed to properly and timely satisfy and/or exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

### SEVENTH AFFIRMATIVE DEFENSE

78.     Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

79.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to participate in any protected activity or to otherwise satisfy the elements of a whistle-blower claim under the Sarbanes-Oxley Act of 2002.

### NINTH AFFIRMATIVE DEFENSE

80.     With respect to VIS, Plaintiff's claims are barred, in whole or in part, because VIS was not Plaintiff's "Employer"; nor was Plaintiff VIS' "employee" under applicable law.

### TENTH AFFIRMATIVE DEFENSE

81.     Plaintiff's claims are barred, in whole or in party, by unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

82.     Plaintiff has received all compensation and benefits to which he was entitled.

### TWELFTH AFFIRMATIVE DEFENSE

83.     Defendants at all times followed stated, nondiscriminatory policies.

### THIRTEENTH AFFIRMATIVE DEFENSE

84.     To the extent that Plaintiff seeks to assert claims for reputational, physical or emotional injuries or other non-pecuniary remedies, Plaintiff is not entitled to such remedies

-11-

under the Sarbanes-Oxley Act of 2002, 18 U.S.C. 1514A, and such remedies are also barred, in whole or in part, by the exclusive remedies provision of the New York Worker's Compensation Law.

### FOURTEENTH AFFIRMATIVE DEFENSE

85.    Plaintiff was an employee at will whose employment could be terminated at any time and for any nondiscriminatory reason.

### FIFTEENTH AFFIRMATIVE DEFENSE

86.    To the extent that Defendants had notice of alleged retaliation, Defendants took prompt and appropriate remedial action.

### SIXTEENTH AFFIRMATIVE DEFENSE

87.    Plaintiff is barred from pursuing his claims in this forum because the claims advanced in the Complaint are the subject of an arbitration agreement.

WHEREFORE, defendants Volt Information Sciences, Inc., and Volt Telecommunications Group, Inc. demand judgment dismissing the Complaint, and each claim contained therein, awarding defendants' their costs and disbursements, attorneys' fees and expenses and granting such other and further relief as may be just and proper.

Dated: New York, New York
        October 2, 2007

-12-

TROUTMAN SANDERS LLP

By: _____
    Sharon H. Stern (SHS-3788)
    Attorneys for Defendants
    Volt Information Sciences, Inc., and
    Volt Telecommunications Group, Inc.
    The Chrysler Building
    405 Lexington Avenue
    New York, New York  10174
    (212) 704-6068

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDREW CURRY,

                              Plaintiff,                    Civil Action No. 07 CV 7158 (DC)

        -against-                                           **AFFIDAVIT OF SERVICE**

VOLT INFORMATION SCIENCES, INC. and
VOLT TELECOMMUNICATIONS GROUP, INC.,

                              Defendants.
-----------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

        I, **WENDY ISBISTER,** being duly sworn, state:

        I am not a party to the action; am over eighteen (18) years of age; and reside in

Pawling, New York.

        On **October 2, 2007**, I served a copy of **Defendants' Answer to the Complaint,**

by depositing a true copy of the same, enclosed in wrapper, via overnight mail under the exclusive

care and custody of FedEx, addressed to the following at the last know addresses set forth below:

To:     Jonathan Ben-Asher, Esq.
        Beranbaum Menken Ben-Asher & Bierman LLP
        80 Pine Street, 32nd Floor
        New York, New York 10005

                                        _Wendy L. Isbister_
                                        Wendy L. Isbister

Sworn to before me this
2nd day of October, 2007

_Notary Public_
LUCILLE ORTIZ
NOTARY PUBLIC, State of New York
No. 01OR4722675
Qualified In Nassau County
Commission Expires Feb. 28, 2011