UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

ANDREW CURRY,

                Plaintiff,

-against-

Volt Information Sciences, Inc. and
Volt Telecommunications Group, Inc.

                Defendants.

Civil Action No.
07 CV 7158 (DC)

-----------------------------------------------------------

## DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

JONATHAN BEN-ASHER hereby declares pursuant to 28 USC Sec. 1746:

1. I am counsel for plaintiff Andrew Curry in this action. I am submitting this declaration in opposition to Defendants' Motion to Compel Arbitration and to Stay this Action.

2. The Court should deny Defendants' motion because there was no valid agreement to arbitrate entered into between the parties.

3. The documents on which Defendants rely in their motion – Volt's employment handbook and an acknowledgment form signed by plaintiff – do not constitute or evidence an agreement to arbitrate. As fully discussed in the accompanying Memorandum of Law, in both the employment handbook and acknowledgment form, Volt explicitly disclaimed any intent to be bound and disavowed that the documents were in any way contractual. Instead, Volt reserved to itself the ability to change any of the handbook or arbitration provisions terms, at any time, without notice to employees, and in its sole discretion.

4. In support of their motion, the Defendants point to Mr. Curry's signature on the "Acknowledgment" form of Volt's "In-House Employee Handbook," which they argue created an arbitration agreement.

5. In March 2002, four years after he was hired, Mr. Curry signed an "Acknowledgment" form, identical to the one contained in the Handbook, stating that he had received a copy of the Handbook. See Defendants' Motion to Compel, Ex. D. That form states, "I understand that this handbook is intended to provide me with information about the Company's general policies and is not a contract of employment," and "I understand that both the Company and I have the right to terminate my employment with or without notice at any time and with or without cause at any time[.]" Id. The form goes on to state:

> I understand that the Company has the right to change, interpret or cancel any of its published or unpublished personnel policies, benefits or practices without advance notice. Because the company's policies may change from time to time, I have been instructed to check with my supervisor if I have a specific question about any Company policy or practice.
>
> I have read, understand and agree to be bound by the Company's Discrimination Complaint Procedures, including Arbitration, and expressly waive my right to sue the Company, its agents and employees, in court and I agree to submit to final and binding arbitration any dispute, claim or controversy arising between me and the Company that I would have been otherwise entitled to file in court.
>
> I have read, understand and agree to be bound by the Company's Discrimination Complaint Procedures, including Arbitration, and expressly waive my right to sue the Company, its agents and employees, in court and I agree to submit to final and binding arbitration any dispute, claim or controversy arising between me and the Company that I would have been otherwise entitled to file in court.

Id.

6. The introduction to the Handbook emphasizes that "The information contained

in this employee handbook has been prepared as a general guide regarding Volt Information Science's policies, practices, and procedures," and that "Different divisions may have different policies." Defendant's Motion to Compel, Ex. C at 7. Moreover, the introduction warns:

> [T]he policies, benefits, practices and procedures contained in this book, and those that may be issued from time to time, are not a contract of any kind. Although they reflect current policy, they may be changed or rescinded at any time without prior notice at the Company's discretion.

Id.

7. Finally, employees are advised that "your employment relationship with Volt is **at-will**. Employment at-will reserves the company's right and your right to terminate your employment at any time for any reason, with or without cause." Id. (emphasis in original).

8. The Handbook's provision on Alternative Dispute Resolution provides, in relevant part:

> Any dispute, controversy or claim which was not settled through the Concerns and Issues Procedures, and arises out of, involves, affects or relates in any way to any employee's employment or a claimed breach of that employment relationship or the conditions of your employment or the termination of employment, including but not limited to disputes, controversies or claims arising out of or related to the actions of Volt's other employees, under Federal, State and/or local laws shall be resolved by binding arbitration. The applicable rules of the American Arbitration Association in the state where employee is or was last employed by Volt shall prevail....
>
> Arbitration is an essential element of your employment relationship with Volt and is a condition of your employment.

Id. at 20-21

9. As discussed in Plaintiff's Memorandum of Law, defendants' unequivocal and broad disclaimer of any intent to be bound by the Handbook and purported arbitration agreement, and their insistence on having the freedom to abrogate or revise the governing terms at any time, preclude them from enforcing those writings against plaintiff to compel arbitration.

10. For the above reasons, and as fully discussed in Plaintiff's Memorandum of Law, Plaintiff respectfully request that the Court deny Defendants' motion in its entirety, and grant such other and further relief as may be just and proper.

11. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, N.Y.

January 11, 2008

JONATHAN BEN-ASHER (JB-A 4572)