```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ANDREW CURRY,                            :
                    Plaintiff,           :
                                         :      07 Civ. 7158 (DLC)
         -v-                             :
                                         :         MEMORANDUM
VOLT INFORMATION SCIENCES, INC. and      :       OPINION & ORDER
VOLT TELECOMMUNICATIONS GROUP, INC.,     :
                    Defendants.          :
                                         :
---------------------------------------- X
```

Appearances:

For Plaintiff:
Jonathan Ben-Asher
Kristen E. Finlon
Berenbaum Menken Ben-Asher & Bierman LLP
80 Pine Street, 32nd floor
New York, New York 10005

For Defendants:
Sharon H. Stern
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

DENISE COTE, District Judge:

In this employment discrimination action, plaintiff Andrew Curry ("Curry") alleges that he was wrongfully terminated from his employment and otherwise retaliated against for engaging in activity protected under section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A. Defendants Volt Information Sciences, Inc. ("Volt") and Volt Telecommunications Group, Inc.

("VTG") have moved to compel arbitration and stay this action pursuant to an arbitration provision contained in an employee handbook and in a separate acknowledgement form.  For the following reasons, the motion to compel arbitration is granted and the case is stayed until the resolution of the arbitration proceedings.

BACKGROUND

　　　Volt is a publicly traded corporation that provides products and services, including telecommunications services.  VTG is a wholly owned subsidiary of Volt and serves as its telecommunications segment.  In March 1998, Volt hired Curry as the Director of the Management Services Group for VTG.  In his capacity as Director, Curry was responsible for overseeing four employees and for implementing VTG's compliance with international and industry-wide standards.  During the course of his employment, Curry was provided with the Volt Employee Handbook ("Handbook").  On March 13, 2002, Curry signed a form acknowledging that he had received the Handbook ("Acknowledgement").

　　　The Handbook contains a section titled "Alternative Dispute Resolution," which provides that any employment related dispute will be subject to binding arbitration.  Specifically, the arbitration provision states:

2

> Volt believes that alternative dispute resolution is the most efficient and mutually satisfactory means of resolving disputes between Volt and its employees. <u>Any dispute, controversy or claim which was not settled through the Concerns and Issues Procedure and arises out of, involves, affects or relates in any way to any employee's employment or a claimed breach of that employment relationship or the conditions of your employment or the termination of employment</u>, including but not limited to disputes, controversies or claims arising out of or related to the actions of Volt's other employees, under Federal, State and/or local laws <u>shall be resolved by final and binding arbitration</u>. The applicable rules of the American Arbitration Association in the state where employee is or was last employed by Volt shall prevail.
>
> The arbitrator shall be entitled to award reasonable attorneys' fees and costs to the prevailing party. The award shall be in writing, signed by the arbitrator, and shall provide the reasons for the award. The Arbitrator may provide for any remedies that would be available in a comparable judicial proceeding, unless such remedies are precluded under state law. This does not prevent you from filing a charge or claim with any governmental administrative agency as permitted by applicable law.
>
> <u>Arbitration is an essential element of your employment relationship with Volt and is a condition of your employment</u>.

(emphasis added).

The Acknowledgement that Curry signed in 2002 contains three separate paragraphs. The first paragraph acknowledges receipt of the Handbook and states that "<u>this handbook is intended to provide me with information about the Company's general policies and is not a contract of employment</u>." (emphasis added). The second paragraph reiterates that

3

employees must follow the policies in the Handbook and that the "Company has the right to change, interpret, or cancel any of its published or unpublished personnel policies, benefits or practices without advance notice." The third paragraph references the Handbook's arbitration provision and also independently sets forth an arbitration requirement. That paragraph provides in its entirety:

> I have read, understand, and <u>agree to be bound by</u> the Company's Discrimination Complaint Procedures, including <u>Arbitration</u>, and <u>expressly waive my right to sue the Company</u>, its agents and employees, <u>in court and I agree to submit to final and binding arbitration any dispute, claim or controversy arising between me and the Company that I would have been otherwise entitled to file in court</u>.

(emphasis added).

In his Complaint, Curry claims that between February 2005 and May 2006 he engaged in activity that is protected by section 806 of the Sarbanes-Oxley Act. Curry alleges that the defendants retaliated against him for engaging in these protected activities by selectively enforcing a new policy restricting telecommuting and ultimately terminating Curry's employment on June 23, 2006. Having exhausted his administrative remedies with the United States Department of Labor, Curry commenced this lawsuit on August 10, 2007. On November 9, 2007, the defendants moved to compel arbitration and

4

stay this action, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3.

DISCUSSION

The FAA was designed to "ensure judicial enforcement of privately made agreements to arbitrate." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219 (1985). The FAA requires that a contract provision to arbitrate disputes arising out of the contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The defendants contend that the Handbook and the Acknowledgement evidence a valid arbitration agreement and that Curry's employment dispute falls within the scope of that agreement. But, Curry asserts that the parties never entered into a binding contract. Specifically, Curry claims that neither the Handbook nor the Acknowledgment creates a valid contract because (1) they contain specific language stating that the Handbook is not a contract and (2) the defendants reserved the right to change, modify, or rescind any of their employment policies or practices at any time without notice.

The United States Supreme Court has held, however, that when an agreement contains an arbitration clause, "a challenge

5

to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 449 (2006).  It distinguished and declined to address circumstances in which a party disputes that he ever signed the contract, or that he lacked the authority or mental capacity to enter an agreement. Id. at 444 n.1.

Because Curry's challenge is to the contract as a whole, his arguments against enforceability of the Acknowledgment must be decided by the arbitrator.  Curry admits that he received the Handbook and that he signed the Acknowledgment.  Moreover, Curry does not dispute that the arbitration provisions in the Handbook and the Acknowledgement are broad,[1] and he concedes that claims under section 806 of the Sarbanes-Oxley Act are arbitrable. Rather, in opposition to this motion to compel, Curry argues only that the disclaimers and the modification language render the Handbook and the Acknowledgment unenforceable as illusory.

---

[1] The arbitration provision in the Handbook encompassed "[a]ny dispute, controversy or claim . . . [that] arises out of, involves, affects or relates in any way to any employee's employment . . . or the termination of employment."  The provision in the Acknowledgment covered "any dispute, claim or controversy" that Curry could otherwise have brought against the employer in court.  Curry's claims regarding his retaliatory termination fall squarely within these broad parameters.

6

CONCLUSION

The defendants' November 9, 2007 motion to compel arbitration is granted. This lawsuit is stayed pending arbitration.

SO ORDERED:

Dated:   New York, New York
         March 18, 2008

　　　　　　　　　　　　　　　　　　／s／ Denise Cote
　　　　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　　United States District Judge